UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

REGINALD HILL,

    Petitioner,

v.                                         Case No. 4:24cv164-MW-HTC

WARDEN JEFFERSON CI,

    Respondent.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Petitioner, Reginald Hill, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254, challenging his 2008 conviction in Leon County Case Number 2007-CF-3785. Doc. 1. Upon review of the petition (Doc. 1) and the relevant state court documents, the undersigned *sua sponte* recommends the petition be DISMISSED without an evidentiary hearing as UNTIMELY.

**I.    STANDARD FOR DISMISSAL UNDER RULE 4**

Under Habeas Rule 4, "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 requires district courts to dismiss § 2254 petitions without ordering a response "[i]f it plainly appears from the petition

that the petitioner is not entitled to relief." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020).

This preliminary review calls on a district court to screen the petition prior to service and dismiss the petition, *sua sponte*, upon a determination that it contains no meritorious claim for relief. *See* Rules Governing § 2254 Cases, R. 4 advisory committee notes ("it is the duty of the court to screen out frivolous applications"). The procedure serves to "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Id.*

A dismissal under Rule 4 may be appropriate both on the merits and upon a finding that the petition is procedurally barred. *Paez*, 947 F.3d at 649 (citing *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008) ("A district court may *sua sponte* dismiss a § 2254 petition if the petition's untimeliness is 'clear from the face of the petition itself.'"); *Jackson v. Sec'y for Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (*per curiam*) ("even though the statute of limitations is an affirmative defense, the district court may review *sua sponte* the timeliness of the section 2254 petition").

## II. THE PETITION IS UNTIMELY

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a § 2254 petition must be filed within one-year of "the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]  Here, that deadline expired more than a decade ago.

In 2008, Hill pled guilty to attempted sexual battery of a child under 12 and was sentenced, on December 17, 2008, to 23 years in prison.[2]  Doc. 1 at 1.  He did not file a direct appeal of his judgment and sentence.  Thus, the conviction became final when the 30-day appeal deadline expired, which was on Friday, January 16, 2009.  *See Gust v. State*, 535 So. 2d 642 (Fla. 1st DCA 1988) (if a defendant does not appeal the conviction or sentence, judgment becomes final when the 30-day period for filing a direct appeal expires).  Under the AEDPA, the one-year period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Unless tolled, the deadline for Hill to file a federal habeas petition was January 19, 2010.[3]  There was no properly filed motion pending between January 16, 2009, and January 19, 2010.

---

[1] Although there are other "trigger" dates under the AEDPA, none of those apply here.  *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

[2] The Florida Department of Corrections' online Information Detail for Hill shows his release date is May 14, 2027.  Inmate Population Information Detail, Florida Dep't of Corr. (April 26, 2024), https://fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=A50069&TypeSearch=AI.

[3] The one-year deadline ended on a Saturday, and Monday, January 18, 2010, was a legal holiday, so the deadline was extended to Tuesday, January 19, 2010.  *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]nclude the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.")

Case No. 4:24cv164-MW-HTC

Hill admits, and the state court dockets confirm,[4] that Hill did not file any postconviction motions until after that deadline expired. Hill claims he filed a postconviction motion on December 16, 2011, *id.* at 3, and another one on March 28, 2024. *Id.* at 4. Hill filed the instant habeas petition, containing four grounds for relief, on April 4, 2024. *Id.* at 15. Because the AEDPA limitations period had already expired by the time Hill filed the first postconviction motion, there was no time left for the motion to have tolled. *Delguidice v. Fla. Dep't Of Corr.*, 351 F. App'x 425, 428 (11th Cir. 2009) (A state postconviction motion "filed after expiration of the one-year AEDPA limitations period . . . [can]not toll the limitations period, as the limitations period had already expired"). Therefore, the instant petition is untimely.[5]

Even when a petition is untimely, the Court may nonetheless consider it if dismissing the petition would result in a "fundamental miscarriage of justice" or the Court finds equitable tolling applies. *See Holland v. Florida,* 560 U.S. 631, 649 (2010) (for discussion of equitable tolling); *see also McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (for discussion of a miscarriage of justice exception). Neither one of those exceptions apply here.

---

[4] A federal court may properly take judicial notice of state court dockets. *Paez,* 947 F.3d at 652; Fed. R. Evid. 201(b)(2). Thus, the undersigned will take judicial notice of Hill's state court records, available at https://cvweb.leonclerk.com/public/online_services/search_courts/.

[5] The circuit court denied the March 28, 2024, motion as untimely on April 3, 2024. *Id.* Hill mistakenly relies on that date as making his petition timely. Doc. 1 at 13.

Case No. 4:24cv164-MW-HTC

Hill's petition is not based on actual innocence.[6] Instead, the petition challenges which court he should have been tried in, his diminished capacity, whether counsel was ineffective and whether Youthful Offender should have applied. These arguments are not premised on any newly discovered evidence, intervening change in the law, or assertion that Hill is factually innocent of the crime. Therefore, the fundamental miscarriage of justice exception to the one-year time limit is not applicable here. Likewise, the undersigned finds no facts supporting the application of equitable tolling, given the length of time Hill waited before filing the first post-conviction motion and the more than 10 years that passed before he filed the second one.[7] *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312–13 (11th Cir. 2001) (for equitable tolling to apply, petitioner must show "extraordinary circumstances" prevented him from timely filing his petition).

### III.  CONCLUSION

For the reasons set forth above, the undersigned recommends the petition be dismissed *sua sponte* as untimely. A court does not err by *sua sponte* dismissing a § 2254 petition if it gives petitioner notice of its decision and an opportunity to be heard in opposition. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019)

---

[6] The actual innocence exception is "exceedingly narrow in scope," and a petitioner must demonstrate that he is factually innocent rather than legally innocent. *Bousley v. United States,* 523 U.S. 614, 623 (1998).

[7] In the petition, Hill contends that he did not raise some of the 4 issues raised here because he was told he could not appeal since he entered a guilty plea. Even assuming that was true, Hill could nonetheless have tolled the limitations period by filing a timely post-conviction motion.

Case No. 4:24cv164-MW-HTC

(holding that the district court did not err by *sua sponte* dismissing plainly untimely § 2254 petition where the court provided the petitioner with "adequate notice and an opportunity to respond" (quotation marks omitted)). This Report and Recommendation serves that function. *See Paez*, 947 F.3d at 649. Additionally, the undersigned will direct the clerk to provide the Secretary and the Attorney General's office a copy of the petition and this Report and Recommendation so that the Secretary will also have an opportunity to inform the Court if he intends to waive the timeliness defense. *See id*.

The undersigned also finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, because Petitioner's petition is time-barred, an evidentiary hearing is not warranted.

## IV.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice

of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

1. The clerk shall serve a copy of the petition and this Order and Report and Recommendation to the Respondent Ricky Dixon by providing a copy of same to the Secretary and to the Attorney General. Despite such service of the petition, the Respondent may, but does not have to file an answer, motion, or other response.

Additionally, it is respectfully RECOMMENDED:

1. That the petition be DISMISSED under Habeas Rule 4.

2. That a certificate of appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 26th day of April, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.